25 C.C.P.A.(Patents)

## In re DIDUSCH.
### Patent Appeals No. 3896.

Court of Customs and Patent Appeals.
Feb. 28, 1938.

Ellis S. Middleton, of New York City, and Walter M. O'Brien, of Washington, D. C., for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

We have here an appeal from a decision of the Board of Appeals of the United States Patent Office affirming the decision of the Examiner denying patentability, in view of

prior art, of two claims, numbered, respectively, 3 and 11, of appellant's application for patent entitled "Ribbon Gut and Method of Using the Same." A number of method claims were allowed. The claims rejected are the product claims. They read:

"3. As a complete article of manufacture surgical tape in the form of a ribbon of absorbable animal tissue.

"11. As a complete article of manufacture surgical tape in the form of a ribbon of absorbable animal material from .8 to 2.0 centimeters in width, and in thickness no more than that of fine rice paper."

The prior art references cited are: Wise et al., 1,281,466, October 15, 1918; British patent 393,488, June 8, 1933.

We quote allowed claim No. 10 as illustrative of the manner in which the product is used:

"10. A method of closing an incision in a kidney which consists in wrapping a ribbon of absorbable material around said kidney, approximating the edges of the incision, securing the ends of the ribbon to maintain the edges of the incision in approximation, and embedding the kidney and ribbon in living tissue to permit complete absorption of the ribbon and healing of the incision."

With respect to the appealed claims, it is noted that No. 11, supra, differs from No. 3, supra, only by specifying certain dimensions of width and thickness of the ribbon composed of absorbable animal material, or tissue.

Appellant's specification teaches that the ribbon "may be made of any absorbable animal tissue such for instance as sheep intestine. * * *" After describing the drawings in some detail, the specification recites:

"Referring now with particularity to the drawings, there is shown in the several figures at 1 a ligature or suture of absorbable animal tissue in the form of a ribbon or tape. While I do not wish to be limited strictly to dimensions, yet it has been found desirable to use a ribbon 45 to 65 centimeters in length, 1.8 to 2.0 centimeters in width, and in thickness no more than that of fine rice paper. In animal experiments it will probably be found desirable to make these ribbons one-half the above width, that is, approximately 0.8 centimeter, but in the operation on humans, full width may be used."

The British patent, cited as a reference, discloses a ribbon for surgical use made of "an aqueous solution of a polymerised vinyl alcohol," which is not an animal material.

We do not regard the British patent as being of any particular importance with respect to the product claims at issue, and we have no concern here with the allowed method claims.

Each of the claims of the patent to Wise et al. contains a limitation prescribing a suture composed of animal material twisted into a cord-like configuration. From the specification and one of the figures of the drawings, it appears that the animal material before being twisted into a cord was formulated into a ribbon, and claim 1 of the patent reads:

"1. A suture or other cord formed from a fabricated strip or ribbon composed of plumped animal fiber."

So, it is quite clear that the prior art teaches the making of a product of absorbable animal tissue in ribbon form of prescribed dimensions, although it was not claimed in that form, the form claimed being the cord form resulting from twisting the ribbon.

Doubtless this is explainable, as stated in substance by the Examiner, by the fact that at the time of the issue of the patent to Wise et al. it was not known that the ribbon form could be utilized for surgical purposes. Appellant's contribution to the art lies in the discovery that the material could be utilized in ribbon form. For that he was granted the method claims. He did not invent the ribbon form itself, nor do his dimensional limitations, as expressed in claim 11, supra, constitute anything more than an arbitrary choice of dimensions adapted to the necessities of the particular surgical operation being performed.

It is our view that the product claims were properly rejected as unpatentable over the prior art.

Accordingly, the decision of the Board of Appeals is affirmed.

Affirmed.